Nash, J.
We think the Judge below was correct in over-ruling the objection. The witness had no such interest, as would disqualify him from giving evidence for the plaintiff. It is the object of Courts of justice to ascertain the truth in every case brought before them. And to this end, such rules have been adopted, with respect to evidence, as are considered best calculated to its attainment ; some of them extremely arbitrary, and justifiable only as being a portion of a general system. Among these rules is that, which excludes a witness, without any regard to his moral standing, because of interest. It is not, however, every interest that does exclude a witness. A son has a deep interest in securing, or in adding to, the property of his father ; yet he is a competent witness for him, in a suit affecting even his entire property. The law says this interest is too remote. But the instant the father dies, the son is incompetent, because he then is interested directly in increasing or preserving a fund, to a distributive share of which, as next of kin, he is entitled. Cox v. Wilson, 2 Ire. 234. The interest, then, which does exclude, must be a legal and beneficial one in the subject matter, for the recovery of which the suit is brought; or when he is called to protect or increase a fund, which a recovery in the suit will increase or diminish. The witness, Barnard, stands in no such position here. He expressly states, that, between him and the plaintiff, no contract existed as to compensation of any kind, that his services were those of a friend, and, in law, *360 according to his testimony, amounted to a voluntary courtesy, for which no action could be maintained. It is said, however, by the defendant’s counsel, in argument, that the witness stated, he thought it likely the plaintiff would give him something for his services, and gave his, reason for so thinking. He had before performed similar services for the plaintiff, and he had given him money for it.; but he went on to state, that, if the plaintiff did give him any thing, “ it would not be because he was under an obligation to do so.” A more full, direct and positive negation of all legal interest in the cause could not be given by a witness. It was at one time thought, and there are dicta to that effect, that, when a witness believed himself interested, though in fact he was not, he was rendered incompetent. The contrary doctrine is now'fully established. Cumberland Bank v. Hughes, 17 Wend. 102, 8 Johns. 428. So also, if a witness conceive himself bound in morality or honor to make good any loss, sustained by the person, in whose favor his evidence is to be given, in consequence of a judgment against him, he is still a competent witness. Gilpin v. Vincent, 9 Johns. 220. Moore v. Hitchcock, 4 Wend. 297. 2nd vol. Smith’s leading cuse$, 99. These authorities shew, that the interest, which excludes a witness, must be a direct legal interest — otherwise, the objection is to the credit and not to the competency of the witness. The leaning of the Courts in modern times, I use the expression in reference to the old cases, is to let the objection go to the credit, rather than to the competency, where a doubt may arise. Walton v. Shelly, 1 Term Rep. 300. King v. Bray, Rep. in time of Lord Hardwtcke, Bent v. Baker, 3 Term Rep. 27. Here, there is ho doubt the witness had no legal interest whatever. It will be observed, that this opinion is confined to the question of the interest that disqualifies a witness, and not to the different modes, by which it may be tested ; as whether the verdict can be given in evidence for or against him, or his liability to costs.
*361 We concur with his Honor, who tried the cause, that the witness had no such interest, as excluded him, but that the objection went to his credit.
Per Curiaw. Judgment affirmed.